The PEOPLE of the State of
Colorado, Complainant,

v.

Lee Sherman MANDELL,
Attorney–Respondent.

No. 91SA71.

Supreme Court of Colorado,
En Banc.

June 17, 1991.

Rehearing Denied Aug. 1, 1991.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Lee Sherman Mandell, pro se.

PER CURIAM.

The respondent, Lee Sherman Mandell, was charged with professional misconduct by a complaint filed on September 27, 1988. On October 26, 1988, the respondent was suspended from the practice of law for an indefinite period of time during the pendency of the disciplinary proceeding herein. The respondent has stipulated to facts set forth in the complaint. The hearing board and the hearing panel recommended that the respondent be suspended from the practice of law for a period of three years and be assessed the costs of these proceedings. We also conclude that under all of the circumstances a suspension for a period of three years constitutes an appropriate sanction.

I

The respondent was admitted to the practice of law in this state on May 6, 1986, and has since been registered with this court as an attorney. Accordingly, the respondent is subject to the jurisdiction of the court and its grievance committee. C.R.C.P. 241.1(b).

II

On December 1, 1987, the respondent entered pleas of guilty in a California municipal court to two charges alleging felony violations of the California Revenue and Taxation Code. The convictions were for failing to report income to the California Franchise Tax Board for the years 1981 and 1983 and for filing false income tax returns for those same years.

On February 2, 1988, the respondent was sentenced to five years probation for his offenses. Among the conditions of probation were the requirements that the respondent serve 365 days in jail and pay the sum of $132,246.16 as restitution. The respondent was incarcerated on March 2, 1988, and was released pursuant to court order on May 12, 1988. The offenses are serious offenses; however, the respondent failed to notify the Grievance Committee, its counsel, or the disciplinary counsel of his convictions.

The respondent's conduct violated C.R.C.P. 241.6(1), (2), (3) and (5), as well as C.R.C.P. 241.16. His conduct also violated the following provisions of the Code of Professional Responsibility: DR 1–102(A)(1) (violation of a disciplinary rule), DR 1–102(A)(3) (engaging in illegal conduct involving moral turpitude), and DR 1–102(A)(6) (engaging in conduct adversely reflecting on fitness to practice law). The respondent has no prior disciplinary record.

A lawyer who engages in serious criminal conduct involving false swearing, misrepresentation, or fraud, may be subject to disbarment. ABA *Standards for Imposing Lawyer Sanctions* 5.11(a) (1986) (ABA *Standards*). The fact that respondent was convicted of more than one offense is an aggravating factor to be considered in determining the appropriate sanction for such outrageous conduct by a lawyer. ABA *Standards* 9.22(d). In recommending suspension, the hearing board found the following mitigating factors to be present in this case: the respondent had no prior disciplinary record, ABA *Standards* 9.32(a); the respondent expressed remorse for his conduct, ABA *Standards* 9.32(*l*); the respondent was undergoing personal problems at the time of the misconduct, ABA *Standards* 9.32(c); and the fact that numerous parties attested to the respondent's good character and otherwise good reputation, ABA *Standards* 9.32(g). The hearing board found no aggravating factors present.

It is true that the commission of serious felony offenses involving misrepresentation, or fraud, may result in the imposition of disbarment. ABA *Standards* 5.11(a). The respondent committed several acts of fraud and deceit in two separate years. Were it not for the numerous mitigating factors found by the hearing board and established by the evidence, disbarment would indeed be appropriate in these circumstances. In addition, the respondent has completed a jail sentence imposed by the trial court and has been placed on probation. While his convictions are recent, the offenses occurred some ten years ago. Finally, the respondent has been suspended from the practice of law in this state since October 26, 1988. Under all these circumstances, we conclude that the recommended sanction of suspension for a period of three years is not inappropriate.

Accordingly, the respondent, Lee Sherman Mandell, is hereby suspended from the practice of law for a period of three years, commencing immediately, pursuant to C.R. C.P. 241.21. The respondent shall not be reinstated until after he has complied with C.R.C.P. 241.22(c) and (d), and has paid in full the restitution ordered in connection with the sentence imposed for his felony offenses. It is further ordered that the respondent shall pay the costs of this proceeding, in the amount of $123.99, within thirty days of the date of this opinion, such sum to be paid to the Supreme Court Grievance Committee, 600—17th Street, Suite 500S, Denver, Colorado 80202–5435.

**Myles Joseph DOLAN, Attorney–Respondent.**